SAWYER *VS.* FITTS.

1. A declaration in trespass to try titles, describing the land, as "the South half of the East half of the South-West quarter of section," &c—held sufficiently certain as to boundary and quantity.

2. A verdict, in trespass to try titles, that the jury "find in favor of the plaintiff, one moiety of the mills claimed, in the declaration named," held—not sufficient to authorise a judgment.*

3. A judgment upon such verdict, that "plaintiff recover one moiety of the said mills and *land*," held, error.

Error to Bibb Circuit Court.

This action was trespass to try titles, by Fitts against Sawyer. The plaintiff declared—

1st. For that the defendant on, &c., and at divers other days and times, with force and arms, broke and entered into and upon that part or parcel of land in the County of Bibb, aforesaid, being the South half of the East half of the South-West quarter of section fifteen township twenty-three and range eleven, East, lying and being situated on the South-West side of Six-mile Creek, in said county; upon which said South half of the said East half of the South-West quarter section of land, on the South-West side of the said Six-mile Creek, the said plaintiff had and owned a certain water grist and saw-mill, situated on the South-West side of said Creek, attached to and upon the said South half of the said half quarter section of land, as aforesaid; and of which said South half of the East half of the South-

* But see a report of a subsequent trial of this case, in 2 Porter, 9.

West quarter section of land, as aforesaid, or so much of said half quarter section as lay South-West of said Six-mile Creek, said plaintiff had a title in fee simple; and the said defendant having with force and arms, as aforesaid, broke and entered, as aforesaid, into and upon the said South half of the said half quarter section of land, as aforesaid, and possessed himself of the said water grist and saw-mill, and the land upon which the same was situated, as aforesaid, and then and there, with force and arms and with strong hand, ejected, expelled, put out, removed and dispossessed the said plaintiff from the peaceable possession, use, occupation and enjoyment of his said water grist and saw-mill, and of the land upon which the same was situated, and took and received the issues and profits of the same, and kept and continued said plaintiff so ejected, expelled, put out, removed and dispossessed, for a long space of time, to wit, from thence, &c.; whereby the said plaintiff, for and during all that time, lost, and was deprived of the use and benefit of his said water grist and saw-mill, and of the land upon which the same is situated, as aforesaid.

2d. And, also, for that the said defendant, on the first day of November, in the year of our Lord eighteen hundred and thirty, and on divers other days and times, between that day and the commencement of this suit: at, to wit, in the county aforesaid, with force and arms, broke and entered into and upon that part or parcel of the South half of the East half of the South-West quarter of section fifteen, township twenty-three, and range eleven, East, which lay on

the South-West side of Six-mile creek, upon which part or parcel of land, as aforesaid, the said plaintiff had and owned a certain water grist and saw-mill, in the county of Bibb; and of which said lands the said plaintiff had a title in fee simple, and had peaceable possession of the same; and the said defendant having so broke and entered, as aforesaid, and pos-sessed himself of the said land, together with the said water grist and saw-mill, situated on the said land, as aforesaid, and then and there ejected, expelled, put out, removed and dispossessed the said plaintiff, of the possession, use, occupancy and enjoyment of the said premises; and then and there took and received to his own use and benefit, the issues and profits arising from the said land and the said water grist and saw-mill, aforesaid, which were of great yearly value, to wit, of the yearly value of one thousand dollars; and kept and continued the said plaintiff so ejected, expelled, put out, removed and dis-possessed, for a long space of time, to wit, from thence hitherto: whereby the said plaintiff, for and during all that time, lost, and was deprived of the use and benefit of his said land, and of the said water grist and saw-mill, and from having and receiving the issues and profits arising from the same, &c.

To this declaration the defendant demurred, which being overruled, he plead not guilty, and thereupon came a jury, who rendered a verdict in these words, to wit, " we find for the plaintiff, one moiety of the said mills, in the declaration mentioned, and assess his damage to the sum of two hundred and twenty-five dollars": and the Court gave judgment, that the

plaintiff recover of the defendant, one moiety of the said mills *and land,* according to the allegation in the said declaration mentioned, together with all and singular the appurtenances to the same belonging, &c.

*Freeman,* for plaintiff in error.—The judgment in this case, is larger than the verdict—Adam's Ejectment, 294. It is a case where possibly the party might have amended, below—Cro. Jac. 632: but not so electing, it is certainly error. The judgment is also uncertain—1 Munf. 162. It should have been specific—setting out, specifically, whether an undivided moiety, or specific half, with metes and bounds—1 Johns. Cas. 101; 8 Cowen, 427; 3 Am. Dig. 195. Here, there was a declaration for a certain estate; and a judgment for an uncertain one: all the judgment which a Court can give, must be upon the verdict rendered. The verdict is here then for the *mills ;* and on it the Court, in judgment, couples *land.*

*Stewart,* contra.—Great liberality should be extended to verdicts and judgments in ejectment. The purpose of the action is a recovery of possession; and parties can settle their rights afterwards. A recovery of ejectment is no evidence of title: the one put in possession to-day, may well be ejected to-morrow.—2 Strange, 835.

A Court will make every intendment, to sustain a verdict and judgment in ejectment—2 Strange, 908: though the entry be incorrect, it will not be reversed, if it can be possibly sustained; because the plaintiff takes

possession, at his peril.    The Court will give judg-
ment only for so much as appears in evidence.

Again, by statute of 1824, a judgment shall not
be reversed, unless objection be made below.    If
there were judgment for more than the verdict, it
should be amended by the verdict.    It is, also set-
tled, that any portion may be recovered in ejectment.
Saun. on P. & E. 519–20.    The last authority cited,
shows that a plaintiff may recover less than he sues
for.

LIPSCOMB, C. J.—This was an action brought, by
Fitts against Sawyer, of trespass to try titles, and
recover damages.

The plaintiff, in his declaration, claims the South
half of the East half of the South-west quarter of
Section fifteen, Township twenty-three, Range ele-
ven, on the South-west side of Six-mile creek, in the
County of Bibb; and on which there was a water
grist-mill and a saw-mill, erected.

The manner in which the sections, in the public
surveys, are sub-divided, by law, is known to be, first
into equal quarters, or fourths, by lines, running to
the cardinal points; and that these quarter sections
are again subject to be divided, by a line, running
North and South, and designating the parts, as divid-
ed, as the East half and the West half of the quar-
ter.    The description of the land claimed, then, as
the South half of one of these sub-divisions, renders
it, as we believe, sufficiently certain, as to the boun-
dary and quantity.

4 s & p.                        47

On the plea of " Not guilty," the jury returned the following verdict—" We find, in favor of the plaintiff, one moiety of the mills, claimed in the declaration named; and assess his damages to the sum of two hundred and twenty-five dollars." On which the following judgment was entered up—" It is, therefore considered by the Court, that the plaintiff recover of the defendant, one moiety of the said mills and *land*, according to the allegation in the said declaration mentioned."

It is now assigned for error, that the judgment does not follow the verdict; but, that it is for more than the jury found—in this, that the judgment is for both one moiety of the mills and land, and the verdict for no more than one moiety of the mills.

The authorities relied on, to sustain the judgment, and to show that great strictness is not required, will be found, on examination, to refer to defects and obscurities, in stating title, in the declaration, as to the quantity, or the description of the term, rendering it uncertain how much, or what term was recovered. In such cases much liberality is allowed, in support of the judgment, on the principle, that the plaintiff enters at his peril, and is a trespasser, if the land he is put in possession of, is not his own.— But none of these authorities, will support a departure, in the judgment, from a conformity to the verdict of the jury.

It is true, that merely inaccuracy, in the verbage of the verdict and judgment, can not be taken advantage of, if there is a substantial conformity in the judgment, verdict and declaration.

We believe, that the verdict, in this case, is not such an one, as to authorise any judgment to have been rendered on it, but that it should have been set aside, as void—it not responding to the declaration.

The judgment must be reversed, and the cause remanded.